UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT RIVERA,<br><br>  Plaintiff,<br><br>vs.<br><br>XCHANGE AT SECAUCUS JUNCTION, LLC, WEST RIVERSIDE STATION, LLC, SOUTH RIVERSIDE STATION, LLC, MIDDLESEX MANAGEMENT, INC., and ATLANTIC REALTY DEVELOPMENT CO. INC.,<br><br>  Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>Docket No.: |

Plaintiff ROBERT RIVERA ("Rivera" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants XCHANGE AT SECAUCUS JUNCTION, LLC ("Xchange" or "Defendant"), WEST RIVERSIDE STATION, LLC ("WRS"), SOUTH RIVERSIDE STATION, LLC ("SRS"), MIDDLESEX MANAGEMENT, INC., ("Middlesex") and ATLANTIC REALTY DEVELOPMENT CO. INC. ("ARD"), (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

1

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated–non-exempt property superintendents and maintenance workers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt superintendent and property maintenance duties for the Defendants in New Jersey, based at one of Defendants' properties they developed and/or managed. During the relevant time period in this case, Plaintiff worked at the Xchange located in Secaucus, Hudson County, NJ.

7. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, and they have and have had an annual gross volume of sales of greater than $500,000.00 per year. 29 U.S.C. §§ 203(r) and 203(s).

8. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using tools and products to perform their jobs, those tools and products having

moved through interstate channels so as to produce an end product for Defendants' consumers and thus Defendants are within the jurisdiction and venue of this Court.

9. The Defendants are an enterprise in that they all perform activities related to the same residential properties, either developing, managing or maintaining these properties. Further, the Defendants have a unified operation in that they are all owned and controlled by the same individuals, David Halpern, and his son Jeremy Halpern; Plaintiff's pay checks were paid by more than one of the companies; Plaintiff resided at Xchange; and all of the Defendants' corporate headquarters are located at the same address in Woodbridge, NJ. Additionally, all of the Defendants' work involves a common business purpose, specifically real estate development, management and maintenance.

10. The Defendants are an enterprise or enterprises engaged in interstate commerce or in the production of interstate goods for commerce in that the Defendants' materials used materials used, i.e., windows, pipes, faucets, door locks, detergents, brooms, etc., are all materials used by Defendants, these materials having travelled through interstate commerce. Furthermore, Defendants' customers used channels of interstate commerce in paying their rents via credit card or debit card, or some other form of payment that travels interstate through banking.

11. Alternatively, Plaintiff and similarly situated employees are engaged in interstate commerce or in the production of interstate goods for commerce as Plaintiff and those similarly situated employees used materials and products that travelled through commerce to perform their duties in the management and maintenance of Defendants' residential properties.

12. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

13. At all times relevant to this Complaint, the Defendants were and are an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of Defendants.

## **PARTIES**

15. Plaintiff Rivera is an adult individual who is a resident of Secaucus, Hudson County, New Jersey.

16. Plaintiff Rivera was employed by Defendants full time as a superintendent/maintenance worker at the Xchange at Secaucus Junction, a new apartment building with over 1400 units that was developed by ARD and is being managed by Middlesex. Plaintiff was paid with checks that listed his employer as West Riverside Station, LLC., and East Riverside Station, LLC.

17. Upon information and belief, the Defendants own real estate, residential apartment buildings, management and maintenance companies, to develop, maintain and manage the buildings. As stated earlier, Defendants are headquartered at 90 Woodbridge Center Drive, 6th floor, Woodbridge, NJ 07095.

## **FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for their overtime hours worked in a work week.

19. Plaintiff worked for Defendants from in or about 2013, through in or about April 3, 2017.

20. Plaintiff became employed by Defendants in 2013, at the Defendants' Xchange location, and he was provided an apartment on premises by Defendants so that he could be on call and available for emergencies, after his scheduled hours of work. The value of his apartment was $2,995.00.

21. Plaintiff was required to live in an on premise apartment and was on call, initially for one week (7 days) per month and then one week every other month, during which time Plaintiff was unable to leave the premises. Plaintiff was paid $25.00 a week initially for on call work; and then $50.00 per week for on call work.

22. In addition to on call work, during the winter months, Plaintiff was often called for emergencies resultant from snow.

23. Finally, Plaintiff received an hourly rate of $10.00 for his regularly scheduled work, which was raised throughout his employment. At the time Plaintiff stopped working for Defendants, he was earning $13.00 per hour.

24. Plaintiff routinely worked five (5) days per week, from 8:00 a.m. to 4:30 p.m., with an hour break for lunch. Thus, he worked a 37.5 hour week regularly.

25. When Plaintiff was on call, he worked approximately 4-5 hours per overnight as well as 8 hours per day, both Saturday and Sunday. Thus, Plaintiff routinely worked an additional approximately forty-one (41) to fifty-one per week, which, aside from the stipend referenced above, was not compensated for by Defendants. This estimate does not include the time worked by Plaintiff resultant from snow emergencies.

26. While Plaintiff clocked in and out during his scheduled shifts, Defendants had no mechanism for keeping track of Plaintiff's time when Plaintiff was on call or worked snow emergencies.

27. Like Plaintiff, other similarly situated superintendents/maintenance workers of Defendants were scheduled for worked on call weeks and snow emergencies. Like Plaintiff, these similarly situated workers received a $25 to $50 stipend for the week of on call work, but no additional pay. Like Plaintiff, other similarly situated employees were not compensated for time spent working resultant from snow emergencies.

28. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

29. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

30. This cause of action is brought to recover from Defendants all compensation, including overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees, at the correct hourly rate of pay, under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

31. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

32. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

33. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which

6

they were lawfully entitled at the correct hourly rate of pay for all of the hours worked, both regular hours and those worked in excess of forty (40) within a work week.

34. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked regular and overtime hours in one or more work periods, on or after October 25, 2014, and were not properly compensated for all regular hours worked in a work week as well as those worked in excess of forty (40) within a workweek.

35. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 35 above.

37. Plaintiff is entitled to be paid additional compensation at the correct hourly rate of pay for his regular and overtime hours worked per work period yet not paid.

38. All similarly situated employees of the Defendants are similarly owed their compensation at the correct rate of pay for each and every hour they worked and were not properly paid.

39. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them both regular time and overtime at the correct rate of pay for their hours worked in a work period.

40. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

41. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 41 above.

43. Defendants' aforementioned conduct is in violation of the NJWHL.

44. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

45. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff ROBERT RIVERA and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants XCHANGE AT SECAUCUS JUNCTION, LLC, WEST RIVERSIDE STATION, LLC, SOUTH RIVERSIDE STATION, LLC, MIDDLESEX MANAGEMENT, INC., and ATLANTIC REALTY DEVELOPMENT CO. INC., for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: October 25, 2017 Respectfully submitted,

 s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*