Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT RIVERA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>XCHANGE AT SECAUCUS JUNCTION, LLC, WEST RIVERSIDE STATION, LLC, SOUTH RIVERSIDE STATION, LLC, MIDDLESEX MANAGEMENT, INC., and ATLANTIC REALTY DEVELOPMENT CO. INC.,<br><br>　　　　Defendants. | Civil Action No. 17-9389 (ES) (JAD)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

　　　　1.　　Plaintiff Robert Rivera brought this action against Xchange at Secaucus Junction, LLC, West Riverside Station, LLC, Middlesex Management, Inc., and Atlantic Realty Development Co. Inc. (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Jersey State Wage and Hour Law ("NJSWHL"), N.J.S.A. 34:11-56a, *et seq.* (D.E. No. 8 ("Am. Compl.") ¶ 1). Pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 11). For the following reasons, the Court DENIES Defendants' motion.

　　　　2.　　To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than the "sheer possibility" that the defendant acted unlawfully. *Id.* A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the plausibility of a complaint, a court proceeds in three steps. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (applying *Iqbal*). First, it "take[s] note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, it identifies allegations that are simply conclusory and therefore not entitled to a presumption of truth. *Id.* Third, the court assumes that well-pleaded factual allegations are true, and gives the plaintiff "the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3. Under FLSA, an employee who works more than forty hours in a single workweek must be paid for hours worked in excess of forty hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To plead a plausible FLSA overtime claim, "a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (alterations and emphasis omitted) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). To meet this standard, a plaintiff does not have to "identify the exact dates and times that she worked overtime." *Id.* at 243. But the plaintiff does need to show that there was at least "a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." *Id.*[1]

---

[1] A court's determination about the sufficiency of FLSA overtime claims applies to NJWHL overtime claims as well. *See, e.g.*, *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) ("[B]ecause the NJWHL overtime compensation and record-keeping requirements are modeled after and nearly identical to their analogous [FLSA] regulations, judicial interpretations construing FLSA are applicable."); *Brown v. Apothaker & Assocs. P.C.*, No. 17-3994, 2018 WL 1605148, at *2 n.5 (D.N.J. Apr. 3, 2018).

4. Defendants argue that the Amended Complaint "fails to allege a single workweek in which [Plaintiff] completed more than forty (40) hours of compensable work," and therefore fails to state a claim under either FLSA or NJWHL. (D.E. No. 11-1 ("Def. Mov. Br.") at 1). Defendants' argument initially consisted of two parts. *First*, Defendants averred that Plaintiff did not adequately specify which hours, during the week-long periods when Plaintiff was on-call at Defendants' property, were compensable. (*Id.* at 5-8). *Second*, Defendants contended that Plaintiff "fail[ed] to provide any factual detail as to compensable work performed beyond the 37.5 hours" that Plaintiff worked during a typical week. (*Id.* at 11). Plaintiff argued in response that the Amended Complaint specified that he worked forty-one to fifty-one hours "during the 168 hour period that he was on-call." (D.E. No. 14 ("Pl. Opp. Br.") at 2). "Defendants accept[ed] this clarification," but nevertheless averred that Plaintiff's Amended Complaint "contain[ed] absolutely no detail as to the alleged *activities performed* during the on-call hours." (D.E. No. 15 ("Def. Reply Br.") at 2 (emphasis added)). Defendants argue that Plaintiff's Amended Complaint fails to state a claim because it "fails to specifically state what Plaintiff considers 'work' while on-call." (*Id.* at 3).

5. The Court finds that Plaintiff has pleaded sufficient facts to meet the *Davis* standard. Plaintiff alleges that (i) his regular work weeks consisted of 37.5 hours of work; (ii) he spent periods of either one week per month or one week every other month "on call"; and (iii) he "routinely *worked* an *additional* approximately forty-one (41) to fifty-one (51) hours per week when he was on-call," for which Defendants did not adequately compensate him. (Am. Compl. ¶¶ 36, 41, 42 (emphasis added)). These allegations plausibly show that Plaintiff "worked at least one 40-hour work week, where the hours [he] worked in excess of 40 hours were not properly compensated." *Jones v. SCO, Silver Care Operations LLC*, No. 13-7910, 2014 WL 5410627, at

*4 (D.N.J. Oct. 23, 2014). Based on Plaintiff's allegations, 2.5 hours of his on-call work would have been compensable at Plaintiff's normal rate of pay, and the remainder would have been compensable as overtime under FLSA and NJWHL.

6. The allegations in Plaintiff's Amended Complaint do not provide the "same type of 'low-octane fuel for speculation' that resulted in the dismissal of similar actions asserting violations of the FLSA." (Def. Mov. Br. at 11-12). In *Davis*, none of the plaintiffs alleged that they worked extra hours *during* a forty-hour work week. 765 F.3d at 243. Instead, they made the much more general assertion that it was "certainly plausible that at least some of the uncompensated work was performed during weeks when the plaintiffs' total work time was more than forty hours." *Id.* at 242 (alterations omitted). Here, by contrast, Plaintiff has identified specific workweeks during which he worked more than forty hours and was not adequately compensated for hours worked beyond the forty-hour threshold. These were Plaintiff's on-call workweeks, during which Plaintiff worked forty-one to fifty-one hours in addition to his "regular[]" 37.5-hour schedule. (*See* Am. Compl. ¶¶ 33, 36, 41, 42).

7. Defendants attempt to draw a parallel between this case and *Lundy*, which set forth the pleading requirements that the Third Circuit adopted in *Davis*. (Def. Mov. Br. at 10 (citing 711 F.3d 106)). That comparison is unavailing. In *Lundy*, one of the plaintiffs typically worked 37.5 hours per week, and "'occasionally' worked an additional 12.5-hour shift or worked a slightly longer shift." 711 F.3d at 114. But that plaintiff did "not allege that she was denied overtime pay in a week where she worked these additional shifts." *Id.* at 115. Here, Plaintiff does so. He alleges that he "routinely worked an *additional*" forty-one to fifty-one hours per week when he was on call. (Am. Compl. ¶ 42 (emphasis added)). Plaintiff does not explicitly state that he performed this on-call work during a week in which he also worked his regular 37.5 hours. Yet his use of the

word "additional," as well as the fact that the alleged on-call work hours seem not to have overlapped with his normal work schedule, allow the Court to reasonably infer that there were weeks in which Plaintiff performed regular work and on-call work. (*See* Am. Compl. ¶¶ 41-42). Thus, Plaintiff has "provide[d] sufficient detail about the length and frequency" of his on-call work to plausibly allege that he performed this work in addition to his regular work, and that he worked more than forty hours during on-call weeks. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (applying *Lundy*).

8. Finally, the Court is unpersuaded that Plaintiff's failure to specify the work he performed while on-call is "fatal to the claim." (Def. Reply Br. at 3). In considering whether plaintiffs have sufficiently pleaded FLSA overtime claims for purposes of a Rule 12(b)(6) motion, courts do not appear to require plaintiffs to identify the *tasks* performed during the alleged overtime. *See Davis*, 765 F.3d 236; *Brown*, 2018 WL 1605148, at *2 ("Plaintiff's amended complaint readily satisfie[d] the *Davis* standard" even though the plaintiff did not allege what sort of work he did when working overtime); *Boone v. Solid Wood Cabinet Co.*, No. 17-4333, 2018 WL 2455924, at *3 (D.N.J. June 1, 2018) (same). Defendants cite no cases to the contrary.

9. For the foregoing reasons, Defendants' motion to dismiss is DENIED. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**